RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
JOANNE L. DIAMOND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Joanne_Diamond@fd.org

Attorney for James Mosqueda

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00015-RFB-NJK |
| Plaintiff, | **Defendant's Sentencing Memorandum**[1] |
| v. | |
| JAMES MOSQUEDA, | |
| Defendant. | |

James Mosqueda, through counsel, submits this Sentencing Memorandum and respectfully moves the Court to impose a sentence of 87 months in custody.

---

[1] This memorandum is timely filed.

## I.    Guidelines calculation

On November 25, 2024, pursuant to a plea agreement with the government, Mr. Mosqueda pled guilty to an Information charging him with one count of Engaging in the Business of Dealing or Manufacturing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 923(a); one count of Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1) and 18 U.S.C. § 924(d)(1); one count of Distribution of a Controlled Substance - Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(viii); one count of Unlawful Possession or Transfer of a Machinegun, in violation of 18 U.S.C. § 922(o), 18 U.S.C. § 924(a)(2); and four counts of Unlawful Possession or Transfer of a Machinegun, in violation of 18 U.S.C. § 922(o) and 18 U.S.C. § 924(a)(2). *See* ECF No. 43 at 4, ¶¶1-7.

The PSR correctly reflects the base offense level as 34. *Id.* at ¶38. The PSR also adds a two-level increase under U.S.S.G. §2D1.1(b)(1), *id.* at ¶39, which was not contemplated in the plea agreement, for an adjusted offense level of 36, *id.* at 43. *See also id.* at 21, ¶95. Mr. Mosqueda asks the Court to calculate his guidelines range based on the stipulated offense level of 34. The parties further agreed to recommend a 3-level variance, in addition to the 3-level reduction for acceptance of responsibility. *See id.* at ¶96. The total offense level anticipated in the plea agreement is 28, producing a guideline range of 87-108 months. The parties will jointly ask the Court to sentence Mr. Mosqueda at the low end of the guidelines range, to 87 months.

## II. A sentence of 87 months in custody is sufficient, but not greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

Mr. Mosqueda was just twenty years old when this offense began. He was the father of a young daughter and struggling to provide for her. At sentencing, Mr. Mosqueda will present additional information about how and why he made the decision to get involved with this offense.

In April 2024, the Sentencing Commission voted to amend the policy statement to U.S.S.G. §5H1.1 AGE, recognizing: "Research has shown that brain development continues until the mid-20s on average, potentially contributing to impulsive actions and reward-seeking behavior."[2] The amended policy statement, which took effect November 1, 2024, provides: "A downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense." U.S.S.G. §5H1.1. The Commission explained: "Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." *Id.* As detailed in the PSR, many of the risk factors identified by the Commission were present in Mr. Mosqueda's childhood. *See* ECF No. 43 at 16-17, ¶¶61-64.

In his letter to the Court, Mr. Mosqueda's brother, Jayson Searles, explains Mr. Mosqueda lacked positive male role models. His father "spent years

---

[2] U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines (Preliminary)*, (Apr. 14, 2024), PDF pages 15-16, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202404_prelim-rf.pdf.

going in and out of jail" and "ultimately lost his life due to a deal gone bad." Exhibit A, Jayson Searles Support Letter. Jayson, too, "was in and out of his life because I often spent time in Arizona with my grandparents. When we lived with our mother, we were not always in the best neighborhoods, which influenced the company we kept and the choices we made." *Id.*

The Commission recognized that "youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood." U.S.S.G. §5H1.1. That's what we're seeing with Mr. Mosqueda. But the Commission also acknowledged, "Youthful individuals . . . are more amenable to rehabilitation." *Id.* This is because, "[t]he age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime." *Id.* Notably, probation identified Mr. Mosqueda's age as a potential ground for departure pursuant to U.S.S.G. §5H1.1. *See id.* at 23-24, ¶110.

Mr. Mosqueda has never been in adult jail before. He has been in pretrial detention since November 2023 and reflected on his decisions and the impact they have had on him and his family, especially his daughter. In conversations with the undersigned, he has demonstrated an impressive maturity and awareness of his past decisions far beyond his young age. *See also* ECF No. 43 at 17, ¶68.

This Court can be confident that, once he has served his sentence for this offense, he will not make a similar error in the future. He is fortunate to have a strong support system to return home to, with the loving guidance of his family to help him stay on the right path. *See* Ex. A; Exhibit B, Belvett Zapata Support

4

Letter; Exhibit C, J███ M██████ Support Letter; Exhibit D, Margarita Mgdaleno Adams Support Letter. Probation shares the undersigned's belief that Mr. Mosqueda can be rehabilitated, recommending a significant four-level downward departure. *See* ECF No. 43 at 28.

## III. Conclusion

Mr. Mosqueda respectfully moves the Court to impose a sentence of 87 months imprisonment.

DATED: April 8, 2025.

RENE L. VALLADARES
Federal Public Defender

By:    */s/ Joanne L. Diamond*
JOANNE L. DIAMOND
Assistant Federal Public Defender
Counsel for James Mosqueda